# JANUARY TERM, 1900.

## PEOPLE v. LUTTERMOSER.

1. FALSE PRETENSES—INFORMATION—AVERMENTS.

   An information for obtaining money by false pretenses shows a natural connection between the false pretenses and the obtaining of the money, where it alleges that respondent fraudulently obtained orders for greater amounts than due, and then presented the orders and obtained the money thereon, though the orders were payable to third persons, and it is not averred how they came to respondent.

2. SAME—DUPLICITY.

   The gist of the offense charged by an information being the obtaining of money by the presentation of false orders, and the averment as to obtaining the money being single, there is no duplicity because of averments as to false pretenses by which the persons were induced to sign the several orders.

3. SAME—MOVING CAUSE.

   Upon the prosecution of a member of a township board for obtaining money from the township upon orders which he induced his associates to sign for more than the amounts due, an instruction is not erroneous which permits a conviction if the jury should find that the fraudulent orders would not have been issued but for respondent's wrongful act, though they may also find that the other members of the board, in signing the orders, acted to some extent upon a hasty examination of their own, and not altogether in reliance upon respondent.

4. SAME—WHAT CONSTITUTES A PRETENSE.

   The presentation of orders for the payment of money by one who fraudulently procured them to be issued for more than the amounts due is a pretense, within the statute (3 Comp. Laws 1897, § 11575) prescribing a punishment for obtaining money by false pretenses.

Exceptions before judgment from Wayne; Hosmer, J. Submitted June 22, 1899.  Decided January 23, 1900.

Otto L. Luttermoser was convicted of obtaining money by false pretenses.    Affirmed.

*R. I. Lawson, D. B. Hayes,* and *Alfred Lucking,* for appellant.

*Allan H. Frazer,* Prosecuting Attorney, and *Ormond F. Hunt,* Assistant Prosecuting Attorney, for the people.

MONTGOMERY, C. J.    The information in this case charges, in substance, that the respondent was on June 7, 1897, a justice of the peace of the township of Springwells, and a member of the township board; that Christian D. Roeser was supervisor, and Charles Warncke was clerk; that on the date aforesaid, at a meeting of the board, there were before the board certain bills of certain claimants for work upon the highways of district No. 1 of said township, of which said district the said Luttermoser was a resident; that on said date, and at the place of said meeting, said Luttermoser took the order book of the clerk of the township, containing stubs and corresponding blank orders used for the payment of claims out of the highway funds of said township and district, and the said several bills of claimants, and then and there pretended and assumed to write out orders for the payment of the money of the several claimants in district No. 1 as shown by the bills before him, ready for the signatures of the clerk and supervisor, and to properly make out the several stubs connected therewith; that said Luttermoser correctly wrote the amount of the bill of Aug. Tabert (order No. 167), in the stub thereof, for the sum of $3.75, which said sum of $3.75 was the entire amount then and there due to said Tabert from the township of Springwells, but falsely, deceitfully, and fraudulently wrote in the order itself the sum of $13.75.    The information avers like facts and acts of respondent as to three other orders, and alleges that the respondent did designedly and fraudulently cause these orders to be signed by the supervisor and clerk. The orders are set out, and are payable to the respective

persons named as having claims against the township.
The information further charges:

"And that thereafter the said Otto L. Luttermoser
indorsed his name upon the back of each and every of
said orders, and fraudulently presented the same to the
treasurer of the township of Springwells, and received the
money, according to the face of said several orders above
set forth, out of the funds of said township; that the
bill of Aug. Tabert, John Kunkel, Sam Gove, and Aug.
Pries, then in the hands of Otto L. Luttermoser at the
time he wrote the orders and stubs above set forth, was in-
each case for the amount of three and 75-100 dollars,
which sum in fact was actually owing to the said several
parties, and which the said Otto L. Luttermoser then and
there well knew; that the said Otto L. Luttermoser, by
assuming and pretending to correctly copy the amounts
of said several bills of claimants into the said several orders
in payment therefor, induced the board to believe that the
correct amount was written in the body of the orders, and
knowingly, falsely, and fraudulently induced the said su-
pervisor and clerk to sign and countersign the said orders,
and by means of said false pretenses aforesaid the said Lut-
termoser did thereafter obtain the money represented by the
said several orders from the treasurer of the said township of
Springwells, out of the funds of said township, with the in-
tent to cheat and defraud the said township of Springwells.
And the said Christian D. Roeser, supervisor, and the
said Charles Warncke, clerk, relying upon and believing
the fact to be that the said Luttermoser had written in the
body of said orders the same amount as shown by the sev-
eral bills, respectively, and being induced so to do by the
false and fraudulent pretenses and representations of the
said Luttermoser aforesaid, were deceived thereby, and
respectively signed and countersigned the said orders; and
the said Otto L. Luttermoser, by reason of the false pre-
tenses as aforesaid, did designedly obtain possession of the
said orders, and thereafter the money represented by and
according to the face of said several orders, from the
treasurer of the said township of Springwells, out of the
funds of the said township, with the intent to cheat and
defraud the said township of Springwells."

The information further proceeds to negative the truth
that the township was indebted to the various parties in

the sum stated in the orders, and avers that the indebtedness was only $3.75 in each case.

1. It is contended that the information is fatally defective for the reason that no natural connection is shown between the false pretenses and the obtaining of the money. The fact that the respondent made use of these orders to obtain the money of the township to the amount represented by the orders, from the township treasurer, is averred. We think this makes the connection. It shows that in fact the orders were used as instrumentalities to obtain money fraudulently, and with intent to cheat and defraud the township.

2. It is next urged that the information is bad for duplicity, in that it charges two offenses,—the one, obtaining the signatures of the clerk and supervisor to a written instrument by false pretenses, under section 11575, 3 Comp. Laws 1897; and the other, obtaining the money of the township by false pretenses, an offense punishable under the same statute. The nature of the offense makes it necessary to set out the nature of the false tokens and pretenses. The obtaining of the signatures and the presentation of the orders constituted the false pretenses to the treasurer which induced him to part with the money of the township. Possibly the facts were set out in greater detail than was absolutely necessary, but this was not a fault. The gist of the offense was the obtaining the money by the presentation of false or invalid orders. When this is stated, it answers the further objection that the information is bad for duplicity because in the same count several distinct, petty offenses are alleged, as these supposed distinct offenses consist of obtaining these several orders, but the averment as to obtaining the money is single.

3. It is contended that the evidence shows that the false pretenses were not relied upon. It is sufficient to say that we do not read the testimony as by any means conclusively showing any such thing. On the contrary, there is enough in the very circumstances of the case to justify the inference which the jury drew.

4. The court charged, on request of the respondent, as follows: "If you believe the testimony of Warncke, that he signed the orders because of his own investigation, and not because of anything Luttermoser said or did, then your verdict must be, 'Not guilty,'"—adding, "As an abstract proposition of law, gentlemen of the jury, I think that is so, but I shall say something hereafter in qualification of that request." And he later charged:

"In other words, if you should find that Mr. Warncke and Mr. Roeser knew of the invalidity of those orders, if you should find them invalid,—knew what Mr. Luttermoser had done in that regard,—then, under those circumstances, obviously there could be no conviction, because they would not have been moved by what he did. But all I meant to say in that regard was this: That because they say they did not necessarily rely upon what he had done, but made an examination, or something of an examination, for themselves, or at least one of them, or relied upon somebody else having checked them over, still I say that if you find with reference to this matter that, after all, the real cause of this matter was the fraud of Mr. Luttermoser, then, and under those circumstances, I should say it was the moving cause, and the false pretenses in that regard, so far as the issuance of the orders, had been established."

This instruction is assigned as error. We think it fully justified. Under this instruction, before the jury could find the respondent guilty, they must have found that the orders falsely representing an amount greater than the sums due the respective claimants would not have been issued except for the wrongful act of the respondent, and hence that the instrumentalities which enabled him to obtain the money from the township treasurer would have had no existence. We repeat, the gist of the offense was obtaining the money.

5. It is contended that, in order to warrant a conviction, there must be some active, direct pretense. The presentation of the orders, known to be fraudulent, and procured as these were, was a pretense. 1 McClain, Cr. Law, § 674. See, also, *Com.* v. *Mulrey*, 170 Mass. 103.

We have confined ourselves to the questions discussed in the brief of respondent's counsel, and have not considered other assignments of error. We do not think there was error in respect to these matters discussed.

The conviction will be affirmed, and the case remanded.

The other Justices concurred.