## PEOPLE *v.* LARCO.

1. INDICTMENT AND INFORMATION—JOINDER OF COUNTS—SEPARATE AND DISTINCT OFFENSES—EVIDENCE.

   A joinder of counts in the same information is not improper, where, although each of the two counts charges a separate distinct offense, the two offenses arose out of the same transaction (CL 1948, § 767.75).

2. SAME—ELECTION BETWEEN COUNTS—EVIDENCE.

   Election between counts cannot be required on the ground that distinct offenses are charged, where they are committed by the same acts at the same time and the same testimony must be relied on for conviction (CL 1948, § 767.75).

3. SAME—JOINDER OF COUNTS—OBTAINING MONEY BY FALSE PRETENSES—SOLICITING A BRIBE.

   Joinder of count in information wherein defendant police inspector was charged with statutory offense of obtaining money by false pretenses in first count and with common-law offense of soliciting a bribe in the second count was proper, where the testimony introduced in support of each was identical, hence, it was not error for trial court to deny motions to strike one of the counts, compel the prosecuting attorney to elect under which count he would proceed or for new trial (CL 1948, §§ 750.218, 750.505, 767.75).

4. CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—EVIDENCE.

   Evidence *held,* sufficient to permit jury to find that police inspector was guilty of obtaining money under false pretenses, where complaining witness detailed transaction charged whereby defendant pretended that it would be necessary to pay a sum of money for influencing the action of officers and agents of the liquor control commission incident to the transfer of a liquor license from complaining witness to another and that defendant was paid the sum he solicited (CL 1948, § 750.218).

5. SAME—OBTAINING MONEY BY FALSE PRETENSES—ELEMENTS.

   To support a conviction of obtaining money under false pretenses

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 27 Am Jur, Indictments and Informations § 130.
[2, 3] 27 Am Jur, Indictments and Informations § 133.
[5] 22 Am Jur, False Pretenses §§ 102, 103.
[8, 9] 53 Am Jur, Trial § 527 *et seq.*

the people must establish by competent evidence and beyond a reasonable doubt that some one or more of the representations set forth in the information was or were made with reference to an existing fact or facts, that the representation or representations was or were false and known to be so, with the intent to deceive, and that the person sought to be deceived relied thereon to his detriment (CL 1948, § 750.218).

6. SAME—INFERENCES.

It is within the province of the jury in the trial of a criminal case to draw permissive inferences from established facts.

7. INDICTMENT AND INFORMATION—JOINDER OF COUNTS—QUESTIONS REVIEWABLE—EVIDENCE.

Whether or not second count of information was proved need not be determined, where first count was good, was proved and conviction had thereunder, and both arose out of the same transaction and were provable by the same testimony and there was no material variance between the averments of the information and the proofs presented by the prosecution.

8. CRIMINAL LAW—REQUESTS TO CHARGE—INSTRUCTION—CHARACTER.

Trial court did not commit error in modifying language of request to charge as to defendant's character, where although not given in the exact form submitted, the subject was covered in the general charge in a clear and satisfactory manner and defendant does not claim that the charge as given was erroneous.

9. SAME—REQUEST TO CHARGE—INSTRUCTION—PRESUMPTION OF INNOCENCE—REASONABLE DOUBT—CREDIBILITY OF WITNESSES.

Failure to give requested instruction in a criminal prosecution that if testimony is in direct conflict and both versions as given to jury cannot be true and there is reasonable doubt as to which story is true, the jury should accept the version consistent with the innocence of defendant was not error, where the trial judge charged the jury fully and carefully with reference to the presumption of innocence and reasonable doubt and the tests to be applied in determining the credibility of witnesses.

10. INDICTMENT AND INFORMATION—INDORSEMENT OF NAMES—PREJUDICE.

No prejudice is shown to have resulted to defendant police inspector in prosecution for obtaining money under false pretenses as a result of trial court's permission to indorse on information, after trial had commenced, the name of the deputy superintendent of police and later granted the prosecutor's motion to strike such name, where the witness was not a *res gestae* witness, the court explained to the jury that granting the second motion put the situation back as it was before and

defendant did not advise that he wanted the witness called in order to cross-examine him (CL 1948, § 750.218). .

11. JURY—SEQUESTRATION—PREJUDICE.

Sequestration of jury for duration of trial of defendant police inspector, charged with having obtained money under false pretenses and with having solicited a bribe, was not error, where no objection was made to the court's order at the time it was made, no abuse of discretion is shown and no basis shown for assumption or conclusion that any members of the jury were displeased with the order or that any inference unfavorable to defendant was, or could have been, drawn by the jurors (CL 1948, §§ 750.218, 750.505).

Appeal from Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted June 14, 1951. (Docket No. 59, Calendar No. 44,934.) Decided October 2, 1951.

Michael A. Larco was convicted of obtaining money under false pretenses. Affirmed.

*I. A. Capizzi* and *Frank S. Valenti* (*Orrin C. Jones,* of counsel), for appellant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber,* Chief Assistant Prosecuting Attorney, and *Garfield A. Nichols* and *George W. Miller,* Assistant Prosecuting Attorneys, for the people.

CARR, J. Defendant was tried before a jury in the recorder's court of the city of Detroit and has appealed from the verdict and sentence. The information in the case contained 2 counts. The first count, under which defendant was convicted, alleged the offense of obtaining money under false pretenses in violation of CL 1948, § 750.218 (Stat Ann § 28.415). The second count charged the common-law offense of soliciting a bribe, the punishment for which is fixed by CL 1948, § 750.505 (Stat Ann § 28.773). The case was submitted to the jury under a charge permitting the return of a verdict of not

guilty as to both offenses or a verdict of guilty as to either. It is defendant's claim on this appeal that he is entitled to have the verdict and sentence set aside and to be discharged, or, in the alternative, to a new trial because of errors occurring in the course of the trial.

In each count of the information the offense charged was alleged, under a *videlicet,* to have been committed on or about July 27, 1948. At that time the defendant was a member of the police force of the city of Detroit, with the rank of inspector, and was in charge of Precinct Station No. 15, referred to in the record as the Connors Station. It was the claim of the people on the trial that one Stanley Hondzinski was operating a tavern or bar in the city of Detroit under a so-called class C liquor license issued by the Michigan liquor control commission. He desired to sell the business and made an agreement to that end, subject to obtaining the approval of the commission for the transfer of the license to the purchaser. The procedure with reference to obtaining such an approval is set forth in the record and is summarized by counsel for defendant in their brief as follows:

"The system used by the liquor control commission in connection with its approval or disapproval of the sale and transfer of bar licenses is briefly as follows: The parties purchasing the license apply to the commission for a transfer of the license. The commission makes a preliminary investigation with its men and after they are satisfied that the transaction is proper and has met certain requirements, they make a request to the Detroit police department for a similar investigation. The deputy director approved for the commission on July 15, 1948. It is expected that the Detroit police will examine the premises; talk to the new owner; check his or her criminal record; take their fingerprints;

express whether in the judgment of the department the new owner is qualified to run the business, et cetera. The requests from the commission are mailed to the deputy superintendent; he then sends it to the precinct in which the bar is located; the precinct inspector has a sergeant make the inspection, take the statement and check the criminal record. The recommendation is then indorsed by the inspector, returned to the deputy superintendent for his indorsement and mailed to the commission. Final approval rests in the liquor control commissioners themselves."

It was further the claim of the people that while the application for the approval of the transfer was pending defendant called Hondzinski by telephone, requesting that he come to the Connors Station. Hondzinski did so and was advised by defendant in substance, as it is claimed, that the papers were ready and that the obtaining of the desired approval to the transfer might be expedited for the sum of $300. Hondzinski, according to his testimony, obtained that amount and turned it over to defendant, who had made reference in his conversation with the witness to "connections" that he claimed to have. Defendant, testifying in his own behalf, denied the claims of Hondzinski, asserting that he had not received any money from him.

Both counts in the information were based on the alleged transaction between defendant and Hondzinski. The first count, under which defendant was convicted by the jury, alleged that for the purpose of obtaining the $300 defendant "did designedly and falsely represent and pretend that he, the said Michael Larco, had the authority to approve or disapprove the transfer of a class C liquor license from the said Stanley Hondzinski, Sr., to one Anna C. Mulawa, and did further represent and pretend, by his words and conduct, that the final decision as to

the approval or disapproval of said transfer, rested with him, the said Michael Larco, and did further represent and pretend that by reason of his knowledge and acquaintance with the liquor control commission of the State of Michigan and other unnamed persons that he, the said Michael Larco, could and would effectuate a transfer of said license and that in order for him, the said Michael Larco, to so do, it would be necessary for him to pay the said acquaintances and unnamed persons the sum of $300 and that the said payment by him, the said Michael Larco, was necessary for the obtaining of said transfer." The second count alleged that defendant was a member of the police department of the city of Detroit and that he solicited Hondzinski to give to him, the defendant, the sum of $300, the intent and purpose being to influence the action of officers and agents of the Michigan liquor control commission in obtaining a "speedy approval" of the transfer of the liquor license in question.

At the outset of the trial counsel for defendant moved to quash the information alleging, among other grounds, that the joinder of counts was improper. It does not appear that the court was asked to compel the people to elect on which count they would proceed or that an order was specifically sought in accordance with the provisions of CL 1948, § 767.75 (Stat Ann § 28.1015) which reads as follows:

"No indictment shall be quashed, set aside or dismissed for any 1 or more of the following defects: (First) That there is a misjoinder of the parties accused; (Second) That there is a misjoinder of the offenses charged in the indictment, or duplicity therein; (Third) That any uncertainty exists therein. If the court be of the opinion that the first and second defects or either of them exist in any indictment, it may sever such indictment into separate indictments or informations or into separate counts

as shall be proper. If the court be of the opinion that the third defect exists in any indictment, it may order that the indictment be amended to cure such defect."

The motion was denied, and defendant now claims that such ruling was erroneous. It is urged that the counts in the information charged wholly different offenses and that it was prejudicial to the rights of the defendant to try him on both charges under one information. On behalf of the people attention is directed to the fact that both counts were based on the same transaction, and that the parties, dates, and proofs involved, were identical.

With reference to the question at issue, it was said in *People* v. *McKinney*, 10 Mich 54, 95:

"As a general rule, in cases of felony, when it clearly appears, from the indictment or otherwise, that several entirely distinct felonies are intended to be charged and proved, the court will, in its discretion, either quash or compel the prosecutor to elect: and the same course is sometimes taken in misdemeanors where several offenses in no way connected are charged. But there is nothing technical in the rule; and in the exercise of this discretion the court will not be governed simply by the question whether several different offenses in point of law are charged and intended to be proved; but mainly, as a general rule, by the consideration whether the trial of these several offenses would involve the proof of substantially different transactions, and thereby tend to confuse the defendant in his defense, or deprive him of any substantial right. And therefore where the several offenses charged, though distinct in point of law, yet spring out of substantially the same transaction, or are so connected in their facts as to make substantially parts of the same transaction, or connected series of facts, the defendant can not be prejudiced in his defense by the joinder, and the court will neither quash nor compel an

election. Such would seem to be the principle of the general rule to be deduced from the cases."

In *People* v. *Warner*, 201 Mich 547, the defendant was prosecuted under an information that charged in the first count assault with intent to do great bodily harm less than the crime of murder, and in a second count assault with a dangerous weapon, but without intending to commit the crime of murder and without intending to inflict great bodily harm less than the crime of murder. A motion to require the prosecuting attorney to elect on which count he would proceed was denied. Both counts were based on the same transaction. In holding that denial of the motion was not erroneous the Court quoted from the syllabus in *People* v. *Sweeney*, 55 Mich 586, as follows:

" 'Election between counts cannot be required on the ground that distinct offenses are charged where they are committed by the same acts at the same time and the same testimony must be relied on for conviction.' "

In the recent case of *People* v. *Percin*, 330 Mich 94, the information under which the defendants were convicted charged in the first count an attempt to extort money from certain individuals by threatening to accuse them of a criminal offense. A second count alleged malicious threats, for the purpose of extorting money, to report to the State liquor control commission an alleged unlawful sale of intoxicating liquor by the parties threatened, with consequent liability to the imposition of a fine and suspension of license. Citing and quoting from *People* v. *Lowenstein*, 309 Mich 94, 99, it was held that there was no necessity for an election of counts, and that the verdict of guilty returned by the jury could be sustained as a conviction for the offense charged in the first count without reference to whether the

second count was sufficient. The court also cited *People* v. *McKinney, supra.* See, also, *People* v. *Summers,* 115 Mich 537; *People* v. *Kolowich,* 262 Mich 137; *People* v. *Rose,* 268 Mich 529; *People* v. *Ormsby,* 310 Mich 291.

In the instant case the joinder of the counts is controlled by the rule recognized in the above-cited cases and in others of similar import. As before stated, the 2 counts were based on the transaction alleged to have occurred between defendant and Hondzinski in the latter part of July, 1948. The testimony offered in support of the first count was identical with that introduced in support of the claimed offense of soliciting a bribe, set forth in the second count. The situation presented is well within the statement of the general principle in *People* v. *Aikin,* 66 Mich 460, 470 (11 Am St Rep 512), cited by counsel for defendant:

"The true and only just rule as regards the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. It is a proceeding calculated to promote justice, and cannot confuse or prejudice the defense of the accused."

*People* v. *Keefer,* 97 Mich 15; *People* v. *Rohrer,* 100 Mich 126; and *People* v. *Lahey,* 256 Mich 250, also cited by counsel, are readily distinguishable on the facts. In the case at bar the trial court was not in error in denying the motion for a new trial, nor was defendant prejudiced by the court's failure to strike one of the counts from the information, or to compel the prosecuting attorney to elect under which count he would proceed.

It is further claimed that the evidence was not sufficient to justify a conviction under the first count of the information, and that the trial court was in error in refusing to direct a verdict in defendant's favor. Some emphasis is placed on the fact that the people's case rested principally on the testimony of Hondzinski, and it is urged that such testimony was not of a clear and satisfactory nature. The record indicates that the witness was somewhat handicapped by inability to understand some of the questions asked him, and also by a poor command of the English language. However, the jurors saw and heard the witness and were therefore in position to pass on his credibility. Insofar as the main details of his testimony are concerned, he did not contradict himself or make inconsistent statements. He detailed the alleged transaction between himself and defendant in a fairly clear manner. The jury was within its rights in finding that his testimony was true even though contradicted by that of the defendant. *People* v. *Petrosky,* 286 Mich 397.

To support a conviction of obtaining money under false pretenses it was incumbent on the people to establish by competent evidence and beyond a reasonable doubt that some one or more of the representations set forth in the information was or were made with reference to an existing fact or facts, that such representation or representations was or were false and made with knowledge of its or their falsity, with intent to deceive, and that the person sought to be deceived relied thereon to his detriment. Specifically in the instant case the inquiry is if the testimony of Hondzinski fairly justifies the conclusion to which the jury evidently arrived, that defendant, by words and conduct, represented and pretended that he could and would effectuate a transfer of the license. If Hondzinski's version of the transaction was correct, it is a matter of fair inference that he

was summoned by defendant to come to the latter's office for some specific purpose. He was there told that the approval of the transfer of the license might be expedited by the payment of $300. Subsequent occurrences indicated that defendant and Hondzinski alike understood this to mean the payment of that amount to defendant. When tendered to him defendant accepted it, charged with notice as to the purpose for which it was paid to him. The suggestion to Hondzinski that the payment of money was necessary in order to bring about prompt action, which Hondzinski desired, might well have raised in the latter's mind the apprehension that unless the money was paid to defendant delay would occur. The act of accepting the payment made pursuant to the prior conversation may be regarded as tantamount to a declaration by defendant that he could and would effectuate the purpose sought to be accomplished by Hondzinski.

It was within the province of the jury to draw permissive inferences from the established facts. On the record before us it may not be said that the proofs offered on behalf of the people were insufficient to sustain a conviction under the first count of the information. There was no material variance between the averments of the information and the proofs introduced by the prosecution. There was testimony tending to establish the essential elements of the offense of which defendant was convicted. Such testimony was sufficient to support the verdict. Whether the same situation would obtain had defendant been convicted under the second count, rather than the first, does not require discussion. *People* v. *Percin, supra.* The trial court was not in error in denying the motions for a directed verdict and submitting the case to the jury.

On behalf of defendant, testimony was offered as to reputation for good character in the community

in which he had resided. A request to charge on the subject was tendered to the court, but was not given in the exact form submitted. It was, however, covered in the general charge in a clear and satisfactory manner. See *People* v. *Schultz,* 316 Mich 106, 123. Defendant does not now complain that the charge as given was erroneous, but insists that it was the duty of the court to give it in the precise form requested. With this contention we are unable to agree. It was within the province of the trial judge to modify the language of the request if he deemed it proper to do so, and since the matter was fully covered in the charge as given defendant may not claim to have been prejudiced. *People* v. *Collins,* 303 Mich 34, 53.

The court was also requested to charge the jury in defendant's behalf as follows:

"When the testimony is directly conflicting and both versions as given to you cannot be true, and there is reasonable doubt as to which story is true, it is your duty to accept that version which is consistent with innocence of the defendant."

In *People* v. *Crofoot,* 254 Mich 167, a request in the same form was submitted, and this Court held that failure to give it constituted reversible error. It was stated there, however, that nothing equally informative was given. In the case at bar the trial judge charged the jury fully and carefully with reference to the presumption of innocence and reasonable doubt. The jury was also advised as to the tests to be applied in determining the credibility of the witnesses. We think that the charge as given adequately safeguarded the rights of the defendant. A similar situation was presented in *People* v. *Placido,* 310 Mich 404, in which the same request was submitted but not given, although the court, as in the case at bar, fully covered the matter. It was

held that the denial of the charge in the requested form did not constitute reversible error. What was there said is applicable here.

During the presentation of the people's proofs the assistant prosecutor in charge of the case discovered that he had not indorsed on the information, as a witness for the people, the name of the deputy superintendent of police. Claiming that failure to do so was an oversight on his part, that the proposed witness had testified on the preliminary examination, and that he desired to use his testimony on the trial, he moved the court for leave to indorse the name of the witness. To such action counsel for defendant objected rather strenuously. Apparently the objections were based on the claim that, because the name of the deputy superintendent had not been indorsed when the information was filed, the jurors had not been questioned as to their possible acquaintance with him. Leave to indorse the name was granted, and the jury advised accordingly. Thereafter the assistant prosecutor, apparently concluding that such indorsement might be regarded as erroneous, moved for leave to strike the name. The trial court seems to have regarded the motion as a recognition of the correctness of the position of counsel for defendant at the time the prior motion was made. Counsel for defendant objected, but did not advise the court that they wanted the witness called in order that they might cross-examine him. The motion for leave to strike the name was granted, the trial court explaining to the jury that such action put the situation back as it was before the name was indorsed. Defendant now claims error with reference to the orders of the trial court granting the motion to indorse and the subsequent motion to strike. Under the circumstances we do not think that defendant was in any way prejudiced by either order. The deputy superintendent was not a *res*

*gestae* witness. The indorsement of his name after the trial commenced was opposed on the ground that the prosecutor was not entitled to such privilege. It is a fair assumption that such objections prompted the making of the second motion. In any event, there is no showing as to any possible prejudice on the part of the defendant. Under this record the claim of error is not tenable.

The calendar entries as set forth in the record disclose that on the first day of the trial the court ordered that the jury "be sequestered for duration of trial." On the oral argument of the case before this Court, counsel for defendant stated in substance that at the time the order was made the trial judge informed the jury that he was not taking such action at the request of either the prosecution or the defense, but solely on his own motion. The record contains no statement of the reasons prompting the action, which defendant now insists was erroneous and prejudicial to him. Such contention is without merit. No objection to the order was made at the time, and we cannot say that the trial judge abused his discretion to defendant's prejudice. There is no basis for any assumption or conclusion that any of the members of the jury were displeased with the order, or that any inferences unfavorable to defendant were, or could have been, drawn by the jurors.

From a careful consideration of the record before us, we are brought to the conclusion that defendant was ably represented by counsel on the trial, that his rights were properly safeguarded, and that he had, in all respects, a fair trial in which no error requiring reversal occurred. The verdict and judgment are affirmed.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.