PEOPLE v SCHIEDA

Docket No. 78-4977. Submitted February 19, 1980, at Detroit.—Decided August 13, 1980.

Defendant, Vincent P. Schieda, was convicted of obtaining money over $100 by false pretenses in the Wayne Circuit Court, Maureen P. Reilly, J. The evidence adduced at trial revealed the following facts. Defendant was hired by the City of Westland to install sewer pipes at 13 locations. Defendant billed and was paid for completing the 13 jobs when, in fact, he had completed only 9 of them. An engineering firm employed by the city to oversee the construction certified the work to be completed. However, the firm had evidence in its files indicating that all the work billed for had not been completed. Defendant appeals, alleging the trial court abused its discretion in denying a motion for a directed verdict for failure to provide evidence that the city relied upon his false representations in making payment. *Held:*

The crime of false pretenses is committed where money is obtained from a municipality by a misrepresentation made and in fact relied upon by municipal officers even though due diligence in inspection of available records would have revealed the misrepresentation.

Affirmed.

T. M. Burns, J., dissented. He would hold that the knowledge possessed by a municipal corporation about a particular matter is, as a general rule, the sum total of all of the knowledge that its officers and agents acquire while acting under and within the scope of their authority, and that, since the engineering firm knew the work had not been completed, the city was charged with that knowledge and could not have relied on defendant's representations. He would reverse.

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur 2d, False Pretenses § 53.
[2] 75 Am Jur 2d, Trial § 550.
[3, 5] 32 Am Jur 2d, False Pretenses § 49.
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 865.

OPINION OF THE COURT

1. FALSE PRETENSES — MISREPRESENTATION — MUNICIPAL CORPORA-
   TIONS — RELIANCE — DUE DILIGENCE.
   The crime of false pretenses is committed where money is ob-
   tained from a municipality by a misrepresentation made and in
   fact relied upon by municipal officers even though due diligence
   in inspection of available records would have revealed the
   misrepresentation.

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW — ACQUITTAL — DIRECTED VERDICT.
   A criminal trial judge, when ruling on a motion for a directed
   verdict of acquittal, must consider whether all of the evidence
   presented by the prosecutor, if viewed in a light most favorable
   to the prosecutor, would be sufficient to permit a rational trier
   of fact to find that all essential elements of the crime were
   proven beyond a reasonable doubt.

3. FALSE PRETENSES — RELIANCE — BURDEN OF PROOF — KNOWLEDGE.
   The prosecutor must show that the person sought to be deceived
   relied upon the false pretenses to his detriment in order to
   sustain a conviction for obtaining money under false pretenses;
   knowledge that the representation is false negates reliance
   upon the representation.

4. MUNICIPAL CORPORATIONS — RELIANCE — IMPUTED KNOWLEDGE —
   FALSE PRETENSES.
   *The knowledge possessed by a municipal corporation about a
   particular matter is, as a general rule, the sum total of all of
   the knowledge that its officers and agents acquire while acting
   under and within the scope of their authority.*

5. FALSE PRETENSES — MISREPRESENTATION — MUNICIPAL CORPORA-
   TIONS — RELIANCE — DUE DILIGENCE.
   *The crime of false pretenses is not committed where money is
   obtained from a municipality by a misrepresentation made and
   in fact relied upon by certain municipal officers where due
   diligence in inspecting the available records would have re-
   vealed the truth.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Wing,* for defendant.

Before: BASHARA, P.J., and D. F. WALSH and T. M. BURNS, JJ.

PER CURIAM. Defendant, Vincent Paul Schieda, was convicted of obtaining money over $100 by false pretenses. MCL 750.218; MSA 28.415. He was sentenced to a term of one year probation and ordered to pay $500 in court costs. He appeals and we affirm.

The relevant facts are these: defendant was hired by the City of Westland to install sewer pipes at 13 locations in the city; defendant billed and was paid for completing the 13 sewer leads, but, in fact, he had completed only 9 of them.

At issue in this appeal is whether the trial court erred when it denied defendant's motion for a directed verdict at the close of the people's proofs. Defendant argues that the prosecutor failed to produce at trial any evidence tending to show that the City of Westland relied upon his false representations. This argument is based upon the fact that an engineering firm employed by the city to inspect the sewer construction and insure that all work was done had evidence in its files on the date that defendant was paid which indicated that all of the work billed had not been completed. From the fact that the agents of the city could have discovered the defendant's misrepresentation by careful inspection of their own records the defendant concludes that the city could not have justifiably relied upon his statement that all the work was completed when it authorized payment. We disagree.

The issue is not whether the officers of the City of Westland could have in the exercise of due diligence and by careful inspection of their own records discovered the fraudulent misrepresentation made by the defendant but rather whether the officers duly authorized to make payment for the city in fact relied upon the defendant's misrepresentation in approving payment of his invoice. *People v Luttermoser,* 122 Mich 562, 566; 81 NW 565 (1900).

Although Mr. Keast, an experienced engineering aide for the city, may have acted imprudently in approving defendant's invoice without checking the inspection reports, that fact is not a defense to prosecution. In the criminal law the relevant issue is whether there was in fact reliance. See *People v Johnson,* 28 Mich App 10, 18; 183 NW2d 813 (1970). From the earliest times it has been recognized that the very purpose for the false pretenses statute is to protect the negligent, the unwary, the unlearned, and the credulous from the deceit of those who would take advantage of another's carelessness or incompetence. *People v Summers,* 115 Mich 537, 545; 73 NW 818 (1898).

In our judgment the evidence presented by the prosecution prior to the time that the motion for a directed verdict was made, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact beyond a reasonable doubt, *People v Hampton,* 407 Mich 354, 268; 285 NW2d 284 (1979), that neither Mr. Witala, the superintendent of the Department of Public Services for the city, nor Mr. Keast, the engineering aide who approved defendant's invoice, nor Mr. Matzo, the city treasurer who paid it, had knowledge that only 9 of the 13 jobs invoiced by defendant had been completed and, further, that all of

these agents of the city relied upon defendant's representation that he had completed all 13 jobs in approving payment. This evidence was sufficient to sustain the conviction.

Affirmed.

T. M. Burns, J. *(dissenting)*. Defendant Schieda appeals of right his July 31, 1978, jury conviction of obtaining money over $100 by false pretenses. MCL 750.218; MSA 28.415. On August 18, 1978, he was sentenced to a term of one year probation and ordered to pay $500 in court costs. I would reverse defendant's conviction.

The sole issue raised in this appeal is whether the lower court judge erred when she denied defendant's motion for a directed verdict at the close of the people's proofs. Defendant argues in this Court, as he did below, that the prosecutor failed to produce at trial sufficient evidence to show that the City of Westland relied upon his false pretenses.

It appears from the record that defendant was hired by the City of Westland to install sewer pipes at 13 locations in the city. Defendant billed and was paid for completing the 13 sewer leads but, in fact, he had done only 9 of them. Although the city agent who actually paid defendant seems not to have known that he had completed only 9 of the 13 sewer leads, an engineering firm employed by the city to inspect the sewer construction and insure that all work was done, had evidence in its files on the date that defendant was paid which showed that all of the work had not been done. Thus, defendant argues that the city could not have justifiably relied upon his statement that all work was completed when it paid him. I agree.

When ruling on a motion for a directed verdict

of acquittal, a trial judge must consider whether all of the evidence presented by the prosecutor, if viewed in a light most favorable to the prosecutor, would be sufficient to permit a rational trier of fact to find that all essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979). To sustain a conviction for obtaining money by false pretenses the prosecutor must show that the person sought to be deceived relied upon the false pretenses to his detriment. *People v Larco,* 331 Mich 420, 429; 49 NW2d 358 (1951), *People v Wilde,* 42 Mich App 514; 202 NW2d 542 (1972).

The pertinent question before us is whether the City of Westland should be deemed to have possessed all knowledge within the ken of its officers, employees and agents. If so, then the evidence is insufficient to support the crime of obtaining money by false pretenses because an agent of the city, the engineering firm that it employed to oversee the construction work, was aware that defendant had not completed all work as he claimed.

As a general rule, the knowledge possessed by a corporation about a particular matter is the sum total of all of the knowledge that its officers and agents acquire while acting under and within the scope of their authority. *People v Wilde, supra.* In *Dundas v City of Lansing,* 75 Mich 499, 504; 42 NW 1011; 13 Am St Rep 457 (1889), the Supreme Court held:

"The individual knowledge of officers or agents of a municipal corporation, who in such capacity have powers or duties conferred upon them with reference to a given matter, is the knowledge of the corporation, and notice to such officers or agents is notice to the corpora-

tion, and the corporation is bound or affected by such knowledge or notice."

See also, *Thornton v City of Flint,* 39 Mich App 260, 270; 197 NW2d 485 (1972).

The crucial question, of course, is not whether certain individuals employed by the City of Westland relied on the representations of defendant, but whether the City of Westland, through its agents, could have so justifiably relied thereon. Thus, as the complainant in this case is the City of Westland, it is irrelevant that any particular agent of the city was deceived by defendant if the city, through other duly authorized agents, was not so deceived. To the extent that the majority opinion focuses on the knowledge of only certain city employees, and not the composite knowledge acquired by all city employees while acting within the scope of their employment, I believe that the majority opinion is wrongly decided.

In this case, the City of Westland must be charged with the knowledge possessed by the engineering firm that it hired to oversee the construction work. That knowledge concerned facts pertaining to the instant matter over which the engineering firm had been delegated responsibility. I would hold that the city could not have justifiably relied on defendant's false pretense when it tendered to him payment for work that he had not completed. Lacking proof of such reliance, the crime of false pretenses has not been established by the prosecutor. Therefore, the trial judge erred when she denied defendant's motion for a directed verdict of acquittal.

I would reverse defendant's conviction.