## PEOPLE v PHEBUS

Docket No. 56459. Submitted March 3, 1982, at Lansing.—Decided May 20, 1982.

George T. Phebus was observed removing a price tag from an article in a retail store and replacing it with a price tag from a lower priced item. Phebus then spoke with his wife, who placed the item with the switched price tag in their shopping cart, and they went through the check-out area and paid the price indicated on the switched price tag. Phebus was arrested and charged with larceny in a building. Defendant moved in Jackson Circuit Court to quash the information on the basis that the evidence produced at the preliminary examination did not establish the elements of a larceny. Russell E. Noble, J., granted the motion to quash on the basis that the elements of false pretenses, but not the elements of larceny, had been made out. The prosecution appeals. *Held:*

The switching of price tags and the subsequent purchase of the merchandise at the price marked on the switched price tag constitutes the crime of false pretenses and not the crime of larceny, since under such circumstances the owner of the property intends to transfer title, although such transfer of title is the result of reliance upon the false representation of the defendant. In a larceny, there is no intent on the part of the owner to transfer title.

Affirmed.

1. Larceny — Larceny in a Building.

The elements of larceny in a building are: (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent

References for Points in Headnotes

[1] 50 Am Jur 2d, Larceny § 49.
[2] 32 Am Jur 2d, False Pretenses §§ 12, 32, 35, 51.
[3] 32 Am Jur 2d, False Pretenses § 4.
   50 Am Jur 2d, Larceny § 7.
[4] 50 Am Jur 2d, Larceny § 27.

and against the will of the owner, and (6) the taking must be done within the confines of the building (MCL 750.360; MSA 28.592).

2. FALSE PRETENSES — ELEMENTS OF FALSE PRETENSES.

The essential elements of the crime of false pretenses are: (1) a representation as to an existing fact which is false, (2) knowledge of the falsity of the representation, (3) use of the false representation with an intent to deceive, and (4) reliance on the false representation by the person sought to be deceived to that person's detriment (MCL 750.218; MSA 28.514).

3. FALSE PRETENSES — LARCENY.

The crime of false pretenses is distinguished from larceny on the basis of the intention of the parties; in false pretenses the owner of the property intends to part with both possession and title to the property, while in larceny the owner loses possession of the property as a result of a felonious design but title to the property remains in the owner.

4. FALSE PRETENSES — LARCENY IN A BUILDING.

The switching by a buyer of a price tag on merchandise coupled with the purchase of such merchandise for the price marked on the switched price tag constitutes the crime of false pretenses rather than the crime of larceny in a building.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Rappleye, Wilkins & Arcaro,* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

ALLEN, J. Which criminal offense, larceny or obtaining property by false pretenses, is committed when a shopper switches a price tag on merchandise he proposes to buy so that a lower price appears on the merchandise?

Defendant was charged with larceny in a build-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing, MCL 750.360; MSA 28.592. At the preliminary examination, a store detective for Meijer Thrifty Acres testified that she had observed defendant remove a prive tag marked $1.88 from an unfinished decorator shelf and place it on a finished decorator shelf, which had been marked $6.53. The detective said that defendant walked over to his wife and spoke with her, then defendant's wife picked up the finished shelf and placed it in their shopping cart. Defendant and his wife went through the check-out area and paid the marked price of $1.88 for the finished shelf usually priced $6.53. While defendant was loading his car with the merchandise he had purchased, he was stopped by the store detectives. Defendant was arrested and charged with larceny in a building.

Defendant was bound over for trial on the charged offense. On October 27, 1980, he moved to quash the information, arguing that the evidence presented at the preliminary examination did not establish the elements of a larceny. In an order dated February 2, 1981, the Jackson County Circuit Court quashed the information, finding that the elements of false pretenses, but not those of larceny, were made out at the preliminary examination. The prosecution has appealed, raising this single issue of first impression in Michigan.

The crime of larceny in a building is established when the prosecution shows that goods or personal property of another are actually or constructively taken against the consent and will of the owner. The goods must be asported or carried, and the taking must occur within the confines of a building. *Freeman v Meijer, Inc,* 95 Mich App 475; 291 NW2d 87 (1980).

The lower court found that the crime committed was not larceny in a building but was false pre-

tenses, MCL 750.218; MSA 28.415. To establish the crime of false pretenses, the prosecution must show that a representation as to an existing fact was false and was made with the knowledge of falsity and with the intent to deceive and that the person sought to be deceived relied thereon to his detriment. *People v Larco,* 331 Mich 420, 428; 49 NW2d 358 (1951), *People v McCoy,* 75 Mich App 164, 177; 254 NW2d 829 (1977).

Although the elements of the two crimes are quite distinct, the determination of whether a certain course of action should be punished under one statute or the other is often not easily made. The Supreme Court noted recently in *People v Long,* 409 Mich 346, 350-351; 294 NW2d 197 (1980), quoting from *People v Martin,* 116 Mich 446; 74 NW 653 (1898):

" ' "There is, to be sure, a narrow margin between a case of larceny and one where the property has been obtained by false pretenses. The distinction is a very nice one, but still very important. The character of the crime depends upon the intention of the parties, and that intention determines the nature of the offense. In the former case, where, by fraud, conspiracy, or artifice, the possession is obtained with a felonious design, and the title still remains in the owner, larceny is established; while in the latter, where title, as well as possession is absolutely parted with, the crime is false pretenses. It will be observed that the intention of the owner to part with his property is the gist and essence of the offense of larceny, and the vital point upon which the crime hinges and is to be determined." ' 116 Mich 450-451."

This distinction is consistent with that made in other jurisdictions. 35 CJS, False Pretenses, § 3, pp 804-807.

Based on this distinction, we conclude that here,

where defendant attempted to secure both title and possession of the shelf, the applicable crime is false pretenses.

The prosecutor contends that, because the defendant switched price tags, the store clerk did not know the nature and the value of the property she was parting with and, because of this mistake of fact, title did not effectively pass to the defendant. In any crime of false pretenses, however, the victim is induced to part with title through a misrepresentation of fact. Whenever a victim relies upon the misrepresentation and passes title to a defendant, a completed crime of false pretenses is shown.

In other jurisdictions that have addressed this question, courts have held that a shopper who has switched price tags and effectively secured title should be prosecuted for false pretenses. *State v Hauck,* 190 Neb 534; 209 NW2d 580; 60 ALR3d 1286 (1973), *People v Lorenzo,* 64 Cal App 3d Supp 43; 135 Cal Rptr 337 (1976). We agree.

In the case at bar, the circuit court properly recognized that the defendant should not have been prosecuted under the larceny statute. We therefore affirm the circuit court order quashing the information charging the defendant with larceny in a building.

Affirmed.