PEOPLE *v.* JARVIS GREEN

1. CRIMINAL LAW—SECOND-DEGREE MURDER—GUILTY PLEA—COURT RULE.

Defendant's plea of guilty to second-degree murder was not improperly taken because the trial judge did not inquire as to whether there were any defenses available to defendant where there was nothing in the record to suggest that the defendant may have had a good defense and the court fully complied with rule requirements for accepting a guilty plea (MCLA § 750.317; GCR 1963, 785.3[2]).

2. CRIMINAL LAW — APPOINTED COUNSEL — DISCHARGE — SELF-REPRESENTATION.

The right of a defendant to discharge his court-appointed counsel is qualified and is subject to court control even though a defendant has a right to do without an attorney and to conduct his own defense.

3. CRIMINAL LAW—GUILTY PLEA—WITHDRAWAL—BASIS.

One seeking to withdraw a guilty plea before being sentenced must state a persuasive reason why that withdrawal should be permitted.

4. CRIMINAL LAW—GUILTY PLEA—WITHDRAWAL—BASIS—PERSUASIVENESS.

Denial of defendant's request to withdraw his plea of guilty to second-degree murder and to discharge his court-appointed attorney was not error where defendant's only reason for withdrawal of that plea was his displeasure with his attorney's handling of his case and the court found not only that defendant's attorney had competently represented him but also that it would not be in defendant's best interests to permit defendant to represent himself.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 484–496.
[2, 4] 21 Am Jur 2d, Criminal Law § 321.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Appeal from Ingham, Archie D. McDonald, J. Submitted Division 2 January 6, 1970, at Lansing. (Docket No. 6,889.)    Decided January 28, 1970. Leave to appeal denied July 30, 1970.    383 Mich 812.

Jarvis Green was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*W. Charles Kingsley,* for defendant on appeal.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. In 1968 Jarvis Green pled guilty to second-degree murder MCLA § 750.317 (Stat Ann 1954 Rev § 28.549) in the Ingham County Circuit Court.    When he appeared for sentencing, Green requested that the court discharge his court-appointed attorney and allow him to withdraw his plea of guilty.    These requests were denied.    Green claims that this was error.    He also argues that his guilty plea was improperly taken because the court did not inquire as to whether there were any defenses available to him.

We are satisfied that the trial court complied with GCR 1963, 785.3(2) in accepting the defendant's plea of guilty.    We find nothing in the colloquy between the judge and the defendant regarding the events preceding and at the time of the slaying which suggests that the defendant may have had a good defense to second-degree murder.    The trial

judge did not err in failing to explore with defendant the availability of a defense.

Although it is true that one charged with a crime has a right to do without an attorney and to conduct his own defense, the right to discharge court-appointed counsel is qualified and subject to the control of the court. *People* v. *Henley* (1969), 382 Mich 143.

There are indeed early statements of the Supreme Court indicating that a guilty plea may be withdrawn as a matter of right before sentencing. See *People* v. *Stone* (1940), 293 Mich 658; *People* v. *Vasquez* (1942), 303 Mich 340, 342. These statements appear to have been overruled *sub silentio* by later decisions of the Supreme Court. See *People* v. *Davis* (1964), 372 Mich 402); *People* v. *Case* (1954), 340 Mich 526; *People* v. *Zaleski* (1965), 375 Mich 71, 81. In *Zaleski,* the Supreme Court held that one seeking to withdraw a guilty plea even before sentence must state a "persuasive reason" why the withdrawal should be permitted.

The only reason advanced by Green was his displeasure with his attorney's handling of the case. The court found that the attorney had competently represented Green and it would not be in defendant's best interests to proceed by representing himself.

We are persuaded that the trial judge did not clearly err in deciding that the defendant should not be allowed to discharge his attorney immediately before sentencing, and that the defendant had not advanced a "persuasive reason" in support of his request that he be allowed to withdraw his plea of guilty.

Affirmed.