PEOPLE *v.* JOHNSON

1. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY THE COURT.
   Contention on appeal that trial record gives rise to substantial
   doubt that defendant had the requisite knowledge required
   to commit the crime of carrying a concealed weapon without
   a license because his testimony at the arraignment indicated
   that he had a "few drinks" on the day of the offense and that
   he was uncertain as to how his arrest came about is without
   merit where the record discloses that the court specifically
   inquired whether his conduct was affected by the drinks and
   defendant answered "no" (MCLA § 750.227).

2. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY THE COURT—
   APPARENT DEFENSES.
   A trial judge should not accept a plea of guilty where it appears
   from the matters brought to his attention that a defense to
   the crime charged may exist; however, the trial court is not
   required to inquire into the existence of defenses where nothing
   in the colloquy between itself and the defendant suggests that
   a defense exists.

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 September 22, 1970, at Grand Rapids. (Docket No. 8,183.) Decided October 26, 1970.

William E. Johnson, Jr., was convicted, on his plea of guilty, of carrying a concealed weapon without a license. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law §§ 29, 44, 107, 108.
     29 Am Jur 2d, Evidence § 439.
     30 Am Jur 2d, Evidence §§ 1160, 1176.
[2]  21 Am Jur 2d, Criminal Law §§ 487, 492–495.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*W. Schuyler Seymour, Jr.,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM.   Defendant was convicted, upon his plea of guilty, of carrying a concealed weapon without a license, contrary to MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).   He appeals as of right with the assistance of court-appointed counsel.

On appeal, defendant contends that the trial court failed in its duty to examine him as to the crime and his participation in it.   See *People* v. *Barrows* (1959), 358 Mich 267.   He contends first that the record gives rise to a substantial doubt as to his having had the requisite knowledge required for the crime.   See *People* v. *Sims* (1970), 23 Mich App 194, and cases cited at p 208.   The argument is based on the facts that defendant said at arraignment that he had a "few drinks" on the day of the offense and on his vague knowledge at arraignment of how his arrest came about.   The argument is without merit. At arraignment, the court specifically inquired of defendant whether his conduct was affected by the drinks.   Defendant answered, "No, not at all.   No extreme, no."   The court further inquired, "Well did you, nevertheless, know what you were doing or did you not know what you were doing?"   Defendant answered, "Yes, I knew what I was doing."   That colloquy nullifies defendant's claim that the record

raises a doubt as to his having had the required knowledge.

Defendant's second claim relating to the sufficiency of the trial court's examination of him pertains to the existence of possible defenses. Although defendant told the court at arraignment that he was arrested with the gun in his possession on the street, a police report states that defendant was arrested in the City of Flint where he was found by police asleep on the floor of a public lavatory. Defendant says that the report and other documents in the court file show that he resided at the address where he was arrested and that he was a caretaker there. Defendant argues that the court should have been put on notice by the documents that he was arrested either in his dwelling house or in his place of business, places excepted from the licensing requirement of MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

Certainly, a trial judge should not accept a guilty plea where it appears or should be apparent to him from matters brought to his attention that a defense to the crime might exist. *People* v. *Russell* (1969), 20 Mich App 47. However, the trial court is not required to inquire into the existence of defenses where nothing in the colloquy between himself and defendant suggests that a defense exists. *People* v. *Jarvis Green* (1970), 21 Mich App 188.

The trial court's examination of defendant in this case was in full compliance with GCR 1963, 785.3(2).

The conviction is affirmed.