PEOPLE *v.* HOLLINGWORTH

1. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT.
   Failure of defendant to recite the facts contained in the criminal information during the time of the proceeding on his plea of guilty does not constitute reversible error.

2. CRIMINAL LAW—PLEA OF GUILTY—EFFECT OF THE PLEA—MERGER.
   An accused, when he voluntarily pleads guilty to a charge set forth in the people's information and his plea is accepted by the court, admits the charge as laid, provides all evidence requisite to sentencing, and thereby waives all previously available objections to the proceedings which led up to and became merged in the legal result of his plea.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 October 7, 1970, at Grand Rapids. (Docket No. 9,772.) Decided October 27, 1970.

Fletcher Leroy Hollingworth was convicted, on his plea of guilty, of attempted sale of a narcotic drug. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich (Edward P. Echlin,* of counsel), for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 486–492.
[2] 21 Am Jur 2d, Criminal Law § 495.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. While represented by counsel defendant tendered a plea of guilty to attempted sale of a narcotic drug, a lesser included offense in count one of the information.[1] Upon defendant's timely request appellate counsel was appointed on his behalf. A timely claim of appeal which was subsequently filed on behalf of the defendant raises one question for review. It is contended that the failure of the trial judge to examine the defendant as to the geographical location of the alleged crime, constitutes reversible error. The people have filed a motion to affirm the conviction on the grounds that the question presented for review is so unsubstantial as to warrant no argument or formal submission.

The information properly sets out the time and place of the crime for which defendant now stands convicted. Defendant does not dispute the accuracy of the information. He merely contends that his failure to recite these facts before the trial court during the time of the plea proceeding constitutes reversible error. This contention is fatuous.

"When an accused voluntarily pleads guilty to a charge set forth in the people's information and his plea is accepted duly by the court, he admits the charge as laid, provides all evidence requisite to sentencing, and thereby waives all previously available objections to the proceedings which led up to and became merged in the legal result of his plea." *People* v. *Collins* (1968), 380 Mich 131, 141.

The motion to affirm is granted.

[1] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287), MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).