PEOPLE *v.* GRIESBECK

1. CRIMINAL LAW—PLEA OF GUILTY—INTOXICATION—EXAMINATION BY COURT.

Trial court did not err in accepting a plea of guilty by failing to examine the defendant in further detail on the extent of his drinking at the time the offense was committed where defendant stated he and others had been "drinking a little bit" but does not contend that he was intoxicated at the time of the crime.

2. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT—OBLIGATION OF PROSECUTION.

The prosecution is under no obligation to prove anything during examination by the court of one seeking to plead guilty of a crime.

Appeal from Recorder's Court of Detroit, Daniel J. Van Antwerp, J. Submitted Division 1 November 3, 1970, at Detroit. (Docket No. 9646.) Decided December 9, 1970.

Dann Griesbeck was convicted, on his plea of guilty, of unlawful use of a motor vehicle without intent to steal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 107.
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. With the assistance of counsel defendant tendered a plea of guilty to a reduced charge of unlawful use of a motor vehicle without intent to steal, contrary to MCLA § 750.414 (Stat Ann 1954 Rev § 28.464). On March 3, 1970 he was sentenced to a term of six months probation by Judge Daniel J. Van Antwerp of the recorder's court. With the assistance of court appointed appellate counsel a timely claim of appeal has been filed on the single contention that the lower court erred in accepting the plea since an examination of the defendant as to the facts of the crime revealed that he had been drinking at the time the offense was committed. The people have filed a motion to affirm the conviction and sentence.

During the trial court's examination of the defendant as to the facts of the crime the following colloquy ensued:

*"The Court:* Tell the court in your own words what happened on or about June 26, 1969, at Park Road west of Gratiot in the City of Detroit.

*"Defendant:* Well, you see, we were at that place where all the kids go from school over there and we were all up there and we were goofing around. We had been drinking a little bit so I went over to the car there with the stick—I had never driven a stick before and I wanted to drive it.

*"The Court:* What kind of car was it?

*"Defendant:* GTO, sir. So I drove it home and I was coming back Gratiot way and I got stopped.

*"The Court:* You knew it didn't belong to you, this GTO.

*"Defendant:* Yes, sir.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*"The Court:* You just wanted to use it, just for kicks?

*"Defendant:* Yes, sir.

*"The Court:* All right, the court will accept your plea of guilty."

It is defendant's contention that the lower court erred in failing to examine the defendant in further detail on the extent of his drinking at the time the offense was committed. Defendant does not contend that he was intoxicated at the time the crime was committed. Moreover, this issue is controlled by the decision in *People* v. *Paul* (1968), 13 Mich App 175, 177 wherein the Court rejected the same argument that is presented here.

"The transcript further shows that although defendant had been drinking, he was not so intoxicated as to negative the existence of the specific intent to commit rape, and defendant by his plea affirm the existence of such intent. The prosecution is under no obligation to prove anything during the examination by the court of one seeking to plead guilty."

Motion to affirm is granted.