PEOPLE *v.* HATCH

1. CRIMINAL LAW—VENUE—ELEMENT OF OFFENSE.
   Venue is not an element of a crime.

2. CRIMINAL LAW—PLEA OF GUILTY—ESTABLISHING VENUE.
   Failure to establish venue when accepting a plea of guilty is
   not error.

Appeal from Recorder's Court of Detroit, George W. Crockett, J. Submitted Division 1 January 12, 1971, at Detroit. (Docket No. 8897.) Decided February 24, 1971.

Edward Hatch was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. People's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John F. Gilhool,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and J. H. GILLIS, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  21 Am Jur 2d, Criminal Law §§ 398, 399.

PER CURIAM.  Defendant was convicted by his plea of guilty of assault with intent to rob being armed, contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).  He appealed as of right.  The people have moved to affirm the conviction.  GCR 1963, 817.5(3).

It is manifest that the questions presented, on which decision of the cause depends, are so unsubstantial as to require no argument or formal submission.  The record shows that the trial court determined that defendant's plea of guilty was freely, voluntarily, and understandingly made.  Although the trial court initially misstated the offense to which the prosecutor would accept a plea of guilty, the court subsequently made it clear that defendant was being given the opportunity to plead guilty to assault with intent to rob being armed, rather than the offense originally charged—armed robbery.  The failure of the trial court to establish the venue of the crime was not error.  Venue is not an element of a crime. *People* v. *Cronk* (1968), 15 Mich App 309.  As we said in *People* v. *Hollingworth* (1970), 27 Mich App 417, 418:

"The information properly sets out the time and place of the crime for which defendant now stands convicted.  Defendant does not dispute the accuracy of the information.  He merely contends that his failure to recite these facts before the trial court during the time of the plea proceeding constitutes reversible error.  This contention is fatuous".

Motion to affirm is granted.