PEOPLE *v* CATLIN

1. CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF DEFECTS—CONFESSION.

    A plea of guilty entered after the defendant expressly and understandingly waived the court's offer to test the voluntariness of an incriminating statement made by the defendant to the police waives any claim that the statement was illegally gained or that it influenced the proffered plea.

2. CRIMINAL LAW—PLEA OF GUILTY—ADMISSION OF CHARGE.

    A criminal accused admits the charge as laid when he voluntarily pleads guilty.

3. CRIMINAL LAW—PLEA OF GUILTY—POSSIBLE DEFENSES—COURT'S INQUIRY.

    A trial judge is not required, *sua sponte*, to inquire into the existence of defenses where nothing in the colloquy between himself and the defendant during the plea acceptance proceedings suggests that a defense exists.

Appeal from Gratiot, Leo W. Corkin, J. Submitted Division 3 February 8, 1972, at Lansing. (Docket No. 12013.) Decided February 29, 1972.

Roy Catlin, Jr., was convicted, on his plea of guilty, of carrying a concealed weapon without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John R. Vusich,* Prosecuting Attorney, for the people.

*Jack T. Arnold,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 485 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 495.
[3] 21 Am Jur 2d, Criminal Law § 491 *et seq.*

Before: McGREGOR, P. J., and LEVIN and TARGON-SKI,* JJ.

PER CURIAM. Defendant pled guilty to carrying a concealed weapon, MCLA 750.227; MSA 28.424.

At the plea acceptance proceedings, defendant testified that after becoming intoxicated, he went home and got the gun, loaded it, and stuck it in his trousers with the handle showing, believing that he was going to use the gun to eliminate a problem. The police arrested him at a local bar and seized the weapon.

Defendant contends that he did not understand the nature of the proceedings. This contention is not supported by the transcript of the plea proceedings, which clearly demonstrates defendant's understanding of the proceedings and further elaborates in detail the facts of the crime and defendant's participation in it. Although defendant had been drinking, the transcript does not show that he was so intoxicated as to negate the existence of any required intent in connection with the offense of carrying a concealed weapon on his person without a license. *People* v *Paul,* 13 Mich App 175 (1968); *People* v *Nicholson,* 18 Mich App 603 (1969); *People* v *Griesbeck,* 28 Mich App 659 (1970).

An inculpatory admission to the police that he had the gun, and a policeman's remark that he was a cold-blooded murderer concerning another incident, are factors which defendant claims may have influenced his proffered plea. There is no reference to the policeman's remark in the plea proceedings. The court offered to test the voluntariness of the incriminating statement with a *Walker* hearing, but defendant expressly and understandingly waived this procedure. Under such circumstances, a plea of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

guilty waives any claim of an illegally gained confession.  See *People* v *Temple,* 23 Mich App 651 (1970) ; *People* v *Hart,* 26 Mich App 370 (1970) ; *People* v *Richard Coleman,* 32 Mich App 207 (1971).

Defendant contends that he had defenses to the crime charged which were not explored by the court. Defendant also claims that the weapon was not concealed and the lesser included offense of the attempt to carry the weapon illegally was not explained.  Defendant's contentions are without merit. *People* v *Johnnie W Jones,* 12 Mich App 293 (1968). When an accused voluntarily pleads guilty, he admits the charge as laid.  *People* v *Collins,* 380 Mich 131, 141 (1968) ; *People* v *Hollingworth,* 27 Mich App 417, 418 (1970).  Attempt to commit the crime was not brought to the court's attention.  A trial court is not required, *sua sponte,* to inquire into the existence of defenses where nothing in the colloquy between himself and defendant suggests that a defense exists.  *People* v *Jarvis Green,* 21 Mich App 188 (1970) ; *People* v *Johnson,* 27 Mich App 362 (1970).

From our examination of the record, we are satisfied that the trial judge did not commit reversible error in accepting the plea or in denying the defendant's motion to withdraw his guilty plea.

Affirmed.