PEOPLE v GOULD

Docket No. 85810. Submitted August 4, 1986, at Grand Rapids. Decided December 1, 1986.

Betty J. Gould was convicted of false pretenses over $100 following a jury trial in Barry Circuit Court, Richard M. Shuster, J. At trial, the prosecution established that defendant had filed with the Hastings office of the Michigan Employment Security Commission an application for unemployment compensation benefits which indicated that she had worked for Ray's Asphalt, Inc., from "6-6-83 to 1-6-83." The prosecution introduced evidence that Ray's Asphalt, Inc., had been dissolved on May 15, 1983, and elicited testimony from a MESC worker that the application was used to determine defendant's eligibility for the $316 benefit check which was issued. Over defendant's objection that the prosecution had failed to independently establish the corpus delicti of the crime of false pretenses, the prosecution was permitted to enter into evidence two confessions which defendant had made. Defendant appealed.

The Court of Appeals *held:*

1. A confession may be introduced into evidence only after the corpus delicti of the crime has been proven by evidence independent of the confession.

2. Proof of the crime of false pretenses requires proof that the victim detrimentally relied upon the false representation of the defendant. Since the dates given by defendant on the application for benefits was facially invalid, it is clear that the false information was not relied upon in making the decision to issue the benefit check. Accordingly, since the prosecution failed to establish the reliance element, the corpus delicti of false pretenses was not established and it was error to admit defendant's confessions.

Reversed.

REFERENCES

Am Jur 2d, Evidence §§ 1136, 1137, 1140-1142.

Am Jur 2d, False Pretenses §§ 12 *et seq.*

Criminal Liability for wrongfully obtaining unemployment benefits. 80 ALR3d 1280

See also the annotations in the Index to Annotations under Corpus Delicti; False Pretenses.

1. CRIMINAL LAW — EVIDENCE — CORPUS DELICTI.

   The prosecution must introduce evidence from which a trier of fact reasonably may find that acts constituting all the essential elements of a crime have been committed and that someone's criminality was responsible for the commission of those acts in order to establish the corpus delicti of the crime.

2. CRIMINAL LAW — CONFESSIONS — CORPUS DELICTI.

   A defendant's confession or admission may not be used at trial until the corpus delicti has been established by other evidence.

3. FALSE PRETENSES — CRIMINAL LAW.

   The elements of the crime of false pretenses are: (1) a false representation as to an existing fact; (2) knowledge by defendant of the falsity of the representation; (3) use of the false representation with an intent to deceive; and (4) detrimental reliance on the false representation by the victim (MCL 750.218; MSA 28.415).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Raymond O. Howd,* Assistant Attorney General, for the people.

*James H. Fisher,* for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and W. R. PETERSON,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of false pretenses over $100, MCL 750.218; MSA 28.415. Subsequently, defendant was bench-convicted on a supplemental information as a second-felony offender, MCL 769.10; MSA 28.1082. She was sentenced to five years probation, the first twelve months to be served in the county jail. Defendant appeals as of right, raising the sole issue of whether her extrajudicial confessions were properly admitted into evidence at trial where the prosecution failed to establish the corpus delicti of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the crime. We find that they were not and reverse her conviction.

In a February 21, 1984, signed statement, defendant admitted falsifying a January 10, 1984, application to the Hastings office of the Michigan Employment Security Commission for unemployment compensation benefits. The application resulted in a $316 payment being issued to defendant on January 24, 1984. On the application, defendant represented that she had been laid off from Ray's Asphalt, Inc., where she had worked from "6-6-83" to "1-6-83." On an earlier application for unemployment benefits filed in the Ionia MESC office defendant had represented that she had been employed at Ray's Asphalt, Inc., from May 5, 1983 to October 18, 1983. The prosecution introduced evidence that Ray's Asphalt, Inc., had been dissolved on May 15, 1983. On May 17, 1984, defendant signed a sworn statement again admitting the falsification. Both statements by defendant were admitted into evidence over defendant's objection.

On appeal defendant contends that the prosecution failed to establish the corpus delicti for false pretenses over $100 and, therefore, defendant's confessions should not have been admitted into evidence.

To establish the corpus delicti of any crime, the prosecution must introduce evidence from which a trier of fact reasonably may find that the acts constituting all the essential elements of the crime have been committed and that someone's criminality was responsible for commission of those acts. *People v Conklin,* 118 Mich App 90, 93; 324 NW2d 537 (1982). A defendant's confession or admission may not be used at trial until the corpus delicti is established by other evidence. *Conklin, supra,* pp 93-94. This corpus delicti rule prevents a defendant from being convicted by an uncorroborated

confession. *People v Coapman,* 326 Mich 321; 40 NW2d 167 (1949).

The elements for the crime of false pretenses are: (1) a false representation as to an existing fact; (2) knowledge by defendant of the falsity of the representation; (3) use of the false representation with an intent to deceive and; (4) detrimental reliance on the false representation by the victim. *People v Wogaman,* 133 Mich App 823, 826; 350 NW2d 816 (1984). For purposes of this case, the victim must have given up over $100 pursuant to the representation. MCL 750.218; MSA 28.415.

The fact that a crime has been committed may be shown by circumstantial evidence. *Coapman, supra,* p 329. Proof of the corpus delicti does not require proof of each element of the crime beyond a reasonable doubt. Courts are permitted to draw reasonable inferences and weigh the probabilities. *People v Wise,* 134 Mich App 82, 88; 351 NW2d 255 (1984), lv den 422 Mich 852 (1985).

During its case in chief, the prosecution presented evidence tending to show that defendant did not work for Ray's Asphalt, Inc., between June 6, 1983, and January 6, 1984. The prosecution's evidence also showed that defendant filed an application for unemployment benefits on January 10, 1984, that the MESC issued defendant a benefit check, and that the check was cashed with defendant's signature. The prosecution failed to show, however, that defendant's representation on the application induced MESC's reliance. An essential element of the crime of false pretenses is the victim's detrimental reliance on defendant's misrepresentations. *Wogaman, supra; People v Chappelle,* 114 Mich App 364, 370; 319 NW2d 584 (1982). On her MESC application form, defendant represented that her first day of work was 6-6-83 and her last day of work was 1-6-83, creating a

situation which is factually impossible. Since a claimant must have twenty work weeks to be eligible for unemployment benefits, using the dates entered on defendant's application it would be impossible for a MESC worker to determine her eligibility. Nonetheless, a MESC claims worker testified that defendant's application was used for eligibility determination. Yet neither this witness, nor any other prosecutorial witness, addressed the date discrepancy. The witness simply acknowledged that she "used" the application to determine eligibility. The prosecution inferred that use equaled reliance.

We find that the MESC worker's testimony was an insufficient basis upon which to rest a prima facie showing of reliance on the part of the MESC. Even assuming, arguendo, that the MESC worker did use defendant's application to determine eligibility, the worker relied on what she assumed defendant meant in the date boxes. The worker could not have relied on what defendant actually represented. Since the worker could not have determined the twenty-week eligibility requirement for benefits from defendant's facially invalid application, the claim should have been rejected outright by MESC. This situation is analogous to *Chappelle, supra,* where the evidence adduced at trial revealed that a store clerk accepted the defendant's check, not because of defendant's representations, but because the store's owner had approved the check. There, this Court ruled that there was insufficient evidence regarding the element of reliance and, therefore, defendant's conviction of false pretenses could not be sustained.

In the instant case the victim did not rely on anything that the defendant said or did in the accomplishment of her fraud. Rather, the MESC made payment to defendant because a worker

mistakenly approved a facially invalid application. Absent a showing of reliance on defendant's representation, the corpus delicti for false pretenses was not established, and the trial court erred in admitting defendant's extrajudicial confessions. Accordingly, her conviction must be reversed.

Reversed.