PEOPLE v MUMFORD

Docket No. 96526. Submitted April 21, 1988, at Lansing. Decided July 8, 1988.

Following a preliminary examination in the 46th District Court, the magistrate, Clarence A. Reid, Jr., J., determined that the prosecutor failed to prove that a crime was committed and dismissed a charge of larceny in a building against Gloria Mumford. The people appealed and the Oakland Circuit Court, John N. O'Brien, J., entered an order affirming the district court's order of dismissal. The people appealed.

The Court of Appeals *held:*

1. Evidence on each element of the crime was presented to adequately establish the corpus delicti of the crime of larceny in a building. The prosecution did show that the stolen goods in fact came from the particular store involved.

2. The elements need not be proved beyond a reasonable doubt and courts may draw reasonable inferences and weigh the probabilities.

3. Larceny in a building is complete as soon as there is the slightest taking of property with the intent to steal it. The element of asportation with criminal intent is satisfied where goods have been concealed.

Reversed and remanded.

1. CRIMINAL LAW — CORPUS DELICTI.

The prosecution must present evidence from which a trier of fact reasonably may find that the acts constituting all the essential elements of the crime have been committed and that someone's criminality was responsible for the commission of those acts to establish the corpus delicti of any crime; the elements need not be proved beyond a reasonable doubt; courts may draw reasonable inferences and weigh the probabilities in determining whether the corpus delicti has been established.

REFERENCES

Am Jur 2d, Criminal Law §§ 411 *et seq.*

Am Jur 2d, Evidence §§ 148 *et seq.,* 530, 531.

Am Jur 2d, Larceny §§ 140 *et seq.,* 155 *et seq.*

Validity, construction, and effect of statutes establishing shoplifting or its equivalent as separate criminal offense. 64 ALR4th 1088.

2. CRIMINAL LAW — CORPUS DELICTI — CONFESSIONS.

   The prosecution must prove the corpus delicti of a crime before it
   may use the defendant's confession.

3. LARCENY — ASPORTATION.

   The crime of larceny in a building is complete as soon as there is
   the slightest taking of property with the intent to steal it; the
   asportation with criminal intent element of such crime is
   satisfied where goods have been concealed (MCL 750.360; MSA
   28.592).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief,
Appellate Division, and *Graham K. Crabtree,* As-
sistant Prosecuting Attorney, for the people.

*Ronald A. Pentz,* for defendant.

Before: KELLY, P.J., and SULLIVAN and M. J.
SHAMO,* JJ.

PER CURIAM. The people appeal by leave granted
from a circuit court order, affirming the district
court, in which the charge of larceny in a building
against defendant was dismissed. MCL 750.360;
MSA 28.592. We reverse.

The following facts giving rise to the instant
charge were adduced from the preliminary exami-
nation transcript. On the morning of December 9,
1985, defendant and a companion entered a Shoe
Town store located in Lathrup Village. Defendant
had no packages and was carrying only a "fairly
large" handbag. After the two walked around the
store for a while, the companion came to the
cashier in front of the store to purchase some
merchandise. In the meantime, defendant, carry-

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

ing only her purse, walked past the store's "check point" sensor and activated the alarm.

The check point is an anti-theft security system which is activated by "sensor stickers" affixed to unsold merchandise. When an item is sold, a "thank you" sticker is placed over the sensor sticker to deactivate the system.

After defendant activated the alarm, the cashier asked her to step back and go through again, but defendant refused and left the store. The cashier stated that she had not sold any merchandise to defendant. The store manager, having observed the incident, and noting that no one else was in the area of the sensor device, followed defendant outside where he asked her to return inside and walk through the sensor system again. Defendant responded by telling him that she did not have anything. After entering the passenger side of a vehicle in the parking lot, defendant rolled down the window, lifted her handbag and pulled out a pair of boots. She then hung the boots from the window and told the manager to come and get them if he wanted them. Defendant threw the boots on the ground and left.

The manager testified that the boots bore stickers indicating that they were from one of the Shoe Town stores. He conceded, however, that he did not determine whether the boots actually came from this particular store or whether they had the sensor stickers inside.

Defendant was arrested shortly thereafter and subsequently made a confession to the police.

At the preliminary examination, the prosecutor attempted to question the arresting officer about defendant's statement. Defendant objected on the basis that the corpus delicti had not been established and that such was necessary before defendant's confession would be admissible. The district

court concluded that the prosecution failed to prove that the boots came from that particular store and, hence, failed to prove that a crime was committed. Defendant's confession was therefore ruled inadmissible and the charge dismissed.

The circuit court affirmed the magistrate's decision. The prosecution appeals from the dismissal, arguing that the evidence presented, albeit circumstantial, was sufficient to adequately establish the corpus delicti. While admittedly a close question, we are persuaded that under these facts the prosecution carried its burden sufficiently establishing the elements of the charged crime.

To establish the corpus delicti of any crime, the prosecution must present evidence from which a trier of fact reasonably may find that the acts constituting all the essential elements of the crime have been committed and that someone's criminality was responsible for the commission of those acts. *People v Gould,* 156 Mich App 413, 415; 402 NW2d 27 (1986); *People v Wise,* 134 Mich App 82, 87; 351 NW2d 255 (1984), lv den 422 Mich 852 (1985). The prosecution must prove the corpus delicti before being allowed to use the defendant's confession. *Gould, supra* at 415; *Wise, supra* at 87. However, the elements need not be proved beyond a reasonable doubt and courts may draw reasonable inferences and weigh the probabilities. *Wise, supra* at 88 and cases cited therein. In short, " 'the evidence adduced need only tend to show consistency with unlawfulness in causing the injury in question.' " *Id.,* quoting 1 Wharton, Criminal Evidence (13th ed), § 17, p 28.

The elements of the crime of larceny in a building include

(1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3)

the carrying away must be with a felonious intent, (4) the subject matter must be the goods or the personal property of another, (5) the taking must be without the consent and against the will of the owner . . . [and] (6) the taking must be done within the confines of the building. [*People v Wilbourne,* 44 Mich App 376, 378; 205 NW2d 250 (1973).]

Larceny in a building is complete as soon as there is the slightest taking of property with the intent to steal it. The element of asportation with criminal intent is satisfied where goods have been concealed. *People v Bradovich,* 305 Mich 329, 332; 9 NW2d 560 (1943).

In the instant case, the magistrate concluded that the prosecution failed to prove that the shoes in fact came from that particular store. However, we have reviewed the evidence, have drawn reasonable inferences, *Wise, supra* at 88, and conclude otherwise. Defendant entered the store carrying only a fairly large handbag. She made no purchases. While her companion purported to buy merchandise, defendant left, activating the store's alarm. Although obviously aware of this, defendant twice refused to go through the system again and, instead, deliberately left the store. After she entered a parked vehicle, she held up her purse, pulled out a pair of boots having a Shoe Town sticker, told the manager, in effect, to come and get them if he wanted them and then proceeded to drop the boots on the ground and leave. We find it reasonable to infer from these facts that defendant entered the store, took a pair of boots which she intentionally concealed in her purse and then left the store. While we concede that the evidence did not directly establish that the boots came from that particular store, under these facts, such could reasonably be inferred. In further support, we find

that defendant's flight when confronted by the cashier and store manager may lead to an inference of guilt. See *People v Biegajski,* 122 Mich App 215, 220; 332 NW2d 413 (1982), lv den 417 Mich 1080 (1983); *People v Cammarata,* 257 Mich 60; 240 NW 14 (1932).

Although not overwhelming, we find that evidence on each element was presented to adequately establish the corpus delicti of the instant offense. As stated, the prosecution need not prove each element beyond a reasonable doubt. Consequently, the district court, and the circuit court in affirming, erred in dismissing the charge against defendant. We remand to the district court for continuation of the preliminary examination in order to allow the prosecution an opportunity to present evidence of defendant's confession.

Reversed and remanded.