PEOPLE v SWIFT

Docket No. 121964. Submitted January 17, 1991, at Lansing. Decided
April 16, 1991, at 9:40 A.M.

Criminal charges were brought against Richard L. Swift in the
Branch Circuit Court, Michael H. Cherry, J., which dismissed
the charges after finding that the prosecutor failed to prove
venue independent of the defendant's confession. The people
appealed.

The Court of Appeals *held:*

Venue does not constitute part of the corpus delicti of an
offense and, although it is a necessary portion of the prosecu-
tion's case, is not an element of a crime. The failure to distin-
guish between an essential element of the prosecutor's case and
an essential element of the particular crimes for corpus delicti
purposes resulted in the improper dismissal of the charges.

Reversed.

CRIMINAL LAW — VENUE — CORPUS DELICTI — CONFESSIONS.

Venue does not constitute part of the corpus delicti of an offense
which must be proven independent of a defendant's confession.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *John L. Livesay,* Prosecuting Attorney, for the people.

Before: NEFF, P.J., and SHEPHERD and McDON-ALD, JJ.

PER CURIAM. The people appeal as of right from an August 18, 1989, order dismissing the criminal charges filed against defendant on the basis of the prosecution's failure to prove venue independent of defendant's confession. We reverse.

REFERENCES
Am Jur 2d, Criminal Law § 361; Evidence §§ 530, 1140, 1142.
See the Index to Annotations under Corpus Delicti; Venue.

The sole issue to be determined on appeal is whether venue constitutes part of the corpus delicti of an offense and thus must be proven independent of a defendant's confession. *People v Brasic,* 171 Mich App 222; 429 NW2d 860 (1988). We hold that it does not.

Corpus delicti, meaning the body or substance of the crime charged, involves two elements: an injury which is penally proscribed and the unlawfulness of some person's conduct in causing the injury. 1 Torcia, Wharton's Criminal Law (14th ed), § 28, p 142. Thus, to establish the corpus delicti of any crime, the prosecution must present evidence from which a trier of fact reasonably may find that the acts constituting all the essential elements of the crime have been committed and that someone's criminality was responsible for the commission of those acts. *People v Mumford,* 171 Mich App 514; 430 NW2d 770 (1988). The key words here are "essential elements." Venue, although a necessary portion of the prosecution's case, is not an element of a crime. *People v Cronk,* 15 Mich App 309; 166 NW2d 497 (1968); *People v Hatch,* 31 Mich App 154; 187 NW2d 495 (1971). Proof of venue does not provide proof that a penally proscribed injury occurred or that the injury was caused by some person's unlawful conduct.

Failure to distinguish between an essential element of a prosecutor's case and an essential element of a particular crime for corpus delicti purposes resulted in the improper dismissal of the charges filed against the instant defendant.

Reversed.