# Order

Michigan Supreme Court
Lansing, Michigan

May 23, 2008

134368

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

KEVIN LEE WILLEY,
        Defendant-Appellant.

_____/

SC: 134368
COA: 277805
St. Clair CC: 05-000821-FH

On order of the Court, the application for leave to appeal the June 12, 2007 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE that portion of the November 22, 2005 Amended Judgment of Sentence of the St. Clair Circuit Court that ordered the defendant to pay attorney fees, and we REMAND this case to that court for a decision on attorney fees that considers the defendant's ability to pay now and in the future. See *People v Dunbar*, 264 Mich App 240 (2004), lv den 473 Mich 881 (2005). At the trial court's discretion, the decision may be made based on the record without the need for a formal evidentiary hearing. If the court decides to order the defendant to pay attorney fees, it shall do so in a separate order. *Id*. In all other respects, the application for leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

        We do not retain jurisdiction.

        CORRIGAN, J., concurs in part and dissents in part and states as follows:

        I dissent from the majority's decision to vacate the trial court's order requiring defendant to repay his court-appointed attorney fees and to remand the case for the trial court to consider defendant's ability to pay. Because an order for the repayment of attorney fees must be separate from the judgment of sentence, however, I join the Court's order insofar as it remands to the trial court to order the repayment of attorney fees in a separate order.

Defendant had notice of the fees and an opportunity to object, but failed to do so. Because defendant did not timely object to the trial court's order and the court has not yet enforced the order, the court was not required to state on the record that it had considered his ability to pay. Further, because the trial court already stated on reconsideration that it *did* consider defendant's ability to pay, any error was harmless.

I. Facts and Procedural Posture

Defendant was charged with operating a motor vehicle while under the influence of liquor, third offense (OUIL 3d), driving while his license was suspended or revoked, second offense (DWLS 2d), and with being a third-offense habitual offender after his vehicle was stopped and a test indicated that he had a blood-alcohol content of 0.21 percent. Defendant signed a petition for a court-appointed attorney based on indigence, which stated that he agreed that he might be ordered to repay the court for his attorney fees. The trial court granted the petition and appointed counsel. Defendant pleaded guilty of OUIL 3d, DWSL, and habitual offender, second offense. The judgment of sentence required defendant to repay the cost of his court-appointed attorney "in an amount to be determined." Defendant did not object to the judgment of sentence.

Later, the trial court entered an amended judgment of sentence, which established the specific amount ($1,155.08) of attorney fees. Defendant moved to delete the attorney-fee requirement from the amended judgment of sentence, arguing that the order to repay violated his equal protection and due process rights. The court denied the motion because defendant had agreed in his petition for a court-appointed attorney that he might be required to repay his attorney fees, and the original judgment of sentence stated that defendant must repay his court-appointed attorney fees in an amount to be determined later. Defendant sought reconsideration of the order, citing *People v Dunbar*, 264 Mich App 240 (2004). The trial court denied the motion for reconsideration, specifically stating that it had considered defendant's financial status when he applied for counsel and that the amount required as repayment was reasonable.

The Court of Appeals denied defendant's application for leave to appeal for lack of merit.

II. Standard of Review

Because defendant did not timely object to the trial court's reimbursement order, this Court reviews this unpreserved issue for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 774 (1999); *Dunbar, supra* at 251.

III. Analysis

In *Dunbar, supra* at 252, the issue was whether a sentencing court may constitutionally require a defendant to contribute to the cost of his court-appointed attorney without first assessing his ability to pay. The *Dunbar* panel adopted the test from *Alexander v Johnson*, 742 F2d 117, 124 (CA 4, 1984), to determine whether a sentencing court's procedure passes constitutional muster. In *Alexander*, the Fourth Circuit Court of Appeals discussed *James v Strange*, 407 US 128 (1972), *Fuller v Oregon*, 417 US 40 (1974), and *Bearden v Georgia*, 461 US 660 (1983),[1] which all involved challenges to the constitutionality of statutory attorney-fee recoupment schemes. The Fourth Circuit held that the following constitutional principles emerged from those cases:

> From the Supreme Court's pronouncements in *James, Fuller*, and *Bearden*, five basic features of a constitutionally acceptable attorney's fees reimbursement program emerge. First, the program under all circumstances must guarantee the indigent defendant's fundamental right to counsel without cumbersome procedural obstacles designed to determine whether he is entitled to court-appointed representation. *Second, the state's decision to impose the burden of repayment must not be made without providing him notice of the contemplated action and a meaningful opportunity to be heard. Third, the entity deciding whether to require repayment must take cognizance of the individual's resources, the other demands on his own and family's finances, and the hardships he or his family will endure if repayment is required.* The purpose of this inquiry is to assure repayment is not required as long as he remains indigent. Fourth, the defendant accepting court-appointed counsel cannot be exposed to more severe collection practices than the ordinary civil debtor. Fifth, the indigent defendant ordered to repay his attorney's fees as a condition of work-release, parole, or probation cannot be imprisoned for failing to extinguish his debt as long as his default is attributable to his poverty, not his contumacy. [*Alexander, supra* at 124 (emphasis added).]

After the *Dunbar* panel quoted these factors, it held that a sentencing court may order reimbursement of a court-appointed attorney's fees without specific findings on the record regarding the defendant's ability to pay, unless the defendant objects to the reimbursement amount at the time it is ordered. *Dunbar, supra* at 254. The panel held, however, that even if the defendant does not object, "the court does need to provide some indication of consideration, such as noting that it reviewed the financial and employment

---

[1] See my statement in *People v Carter*, 480 Mich 1063, 1068-1070 (2008), for a summary of the holdings in *James*, *Fuller*, and *Bearden*.

sections of the defendant's presentence investigation report or, even more generally, a statement that it considered the defendant's ability to pay." *Id.* at 254-255.[2]

This case involves the second and third factors of the *Dunbar* test. First, the trial court satisfied the second *Dunbar* factor. Defendant knew a repayment obligation might be imposed, but failed to object, despite having an opportunity to do so. When the court appointed counsel, defendant signed a form that stated: "REPAYMENT I understand that I may be ordered to repay the court for all or part of my attorney and defense costs." In *Dunbar, supra* at 254, the defendant's petition and order appointing counsel similarly stated that he "may be ordered to repay the court" for his court-appointed attorney fees. *Dunbar* held that this petition and order sufficiently notified the defendant of the court's decision to order the repayment of attorney fees. *Id.* The petition and order here is virtually identical to the one at issue in *Dunbar*. It plainly notified defendant about his responsibility to repay the attorney fees.

Defendant also had an opportunity to object. *Dunbar* held that the defendant, who was given notice of the fees by the petition and order appointing counsel, was given the opportunity to object at sentencing. *Id.* at 254. "In regard to defendant's opportunity to be heard, defendant was not prevented from objecting at sentencing and asserting his indigency." *Id.* Similarly in this case, defendant, who had prior notice of the fees through the petition and order appointing counsel, had an opportunity to object at sentencing. The sentencing court ordered that defendant "be required to pay attorney fees in an amount to be determined." The judgment of sentence also stated, "HE SHALL PAY ATTORNEY FEES IN AN AMOUNT TO BE DETERMINED." Although defendant did not know at sentencing the exact amount of attorney fees he would be required to repay, he could have objected to the general repayment order at sentencing by asserting an inability to repay any fees because of his indigence. Thus, defendant had notice of the obligation and a meaningful opportunity to object to the fees.

In regard to the third *Dunbar* factor, I think that *Dunbar* misinterpreted Supreme Court precedent when it followed *Alexander*. As I explained in my dissent in *People v Carter*, 480 Mich 1063, 1068-1071 (2008), nothing in *James, Fuller,* or *Bearden* requires a sentencing court to state on the record that it considered the defendant's ability to pay when the defendant has not timely objected on indigency grounds to the reimbursement order. In my view, the court must consider the defendant's ability to pay when it decides to enforce collection or sanction the defendant for nonpayment.

> Supreme Court precedents compel a sentencing court to inquire into a defendant's financial status and make findings on the record *when the court decides to enforce collection or sanction the defendant for failure to*

---

[2] The Court of Appeals then held that in deciding the amount that should be reimbursed, the court should consider the defendant's foreseeable ability to pay. *Id.* at 255.

*pay the ordered amount. . . .* The Alaska Supreme Court correctly explained that "*James* and *Fuller* do not require a prior determination of ability to pay in a recoupment system which treats recoupment judgment debtors like other civil judgment debtors . . . ." *State v Albert,* 899 P2d 103, 109 (Alas, 1995). See also the Washington Supreme Court's interpretation of *James, Fuller,* and *Bearden*:

> "[C]ommon sense dictates that a determination of ability to pay and an inquiry into defendant's finances is not required before a recoupment order may be entered against an indigent defendant as it is nearly impossible to predict ability to pay over a period of 10 years or longer. However, we hold that before *enforced collection* or any *sanction is imposed* for nonpayment, there must be an inquiry into ability to pay. [*State v Blank,* 131 Wash 2d 230, 242; 930 P2d 1213 (1997).]"

> Nothing in *James*, *Fuller*,[ or] *Bearden* . . . states that a sentencing court must state on the record that it considered the defendant's ability to pay when the defendant does not timely object on indigency grounds to the order requiring him to pay attorney fees. I would overrule *Dunbar*'s contrary holding. [*Carter, supra* at 1070-1071 (Corrigan, J., dissenting) (emphasis added to *Blank*).]

Applying this conclusion to the facts of this case, I would hold that the court satisfied its constitutional duties. It had no responsibility under the federal constitution to state on the record that it had inquired into defendant's indigency before imposing attorney fees. Further, the recoupment order does not state when payment must commence. The court has not enforced collection by sanctioning defendant for nonpayment. Therefore, defendant's challenge to the reimbursement order is premature. See *Dunbar, supra* at 256 ("in most cases, challenges to the reimbursement order will be premature if the defendant has not been required to commence repayment"); see also *Blank, supra* at 242.

Finally, even if the trial court erred in not stating at the time it ordered the recoupment that it had considered defendant's ability to pay, such error did not affect defendant's substantial rights. In denying defendant's motion for reconsideration, the trial court clarified that it *had* considered defendant's ability to pay: "The Court properly considered Defendant's financial status at the time he applied for appointment of counsel and the amount required in repayment is reasonable given the information." Because *Dunbar* requires the court only to state that it considered the defendant's ability to pay, *Dunbar, supra* at 254-255, the trial court's statement would have satisfied *Dunbar* if it had been made when the court ordered the reimbursement. Thus, the majority's remand to the trial court to consider defendant's ability to pay will most likely amount to an exercise in futility.

I concur that the trial court erred in ordering reimbursement in the judgment of sentence. When a court decides to order a defendant to repay the cost of his court-appointed attorney, it must do so in a separate order, and not the judgment of sentence. *Id.* at 256; *People v Arnone*, 478 Mich 908 (2007). Therefore, I join the majority insofar as it remands to the trial court to order reimbursement by a separate order.

WEAVER, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 23, 2008

Clerk

s0520